UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| STACY E. LAKE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 1:14-CV-143 |
| WILLIAM E. HEZEBICKS, STAN KOCH SONS TRUCKING, and STAN KOCH SONS TRUCKING, INC., | ) |
| Defendants. | ) |

## OPINION and ORDER

This case was filed in this Court on May 8, 2014, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The complaint alleges that "Plaintiff, Stacy E. Lake, is a resident of Fort Wayne, Allen County, Indiana"; "Defendant, William E. Hezebicks, is believed to be a resident of Ashtabula, Ohio"; "Defendant, Stan Koch Sons Trucking, is believed to be a resident of Ardmore, Oklahoma"; and "Defendant, Stan Koch Sons Trucking, Inc., is believed to be incorporated under the laws of the State of Minnesota maintaining its principal office in Golden Valley, Minnesota . . . ." (Compl. ¶¶ 1-4.)

The complaint, however, is inadequate in several ways. First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*

*v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Plaintiff must amend her complaint to allege Defendants' citizenship on the basis of personal knowledge rather than belief.

Second, although paragraph five of the complaint alleges that the individual parties are all citizens of their respective states, this allegation improperly equates residency with citizenship. Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see also* 28 U.S.C. § 1332. Therefore, the Court must be advised of the individuals parties' domicile, rather than their residence, as the former determines citizenship.

Finally, as the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff, however, has failed to identify how Stan Koch Sons Trucking is organized; i.e., whether it is a corporation or an unincorporated association. Plaintiff is reminded that for purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of an unincorporated association. *Thomas v. Guardsmark, LLC.*, 487 F.3d 531, 533 (7th Cir. 2007). Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their

principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Conversely, "if a firm is not incorporated, its citizenship is determined by the citizenship of its proprietor, partners, members, or other participants." *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002). Therefore, if Stan Koch Sons Trucking is an unincorporated association, the Court must be advised of the citizenship of all the members to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Stan Koch Sons Trucking who are a partnership or an LLC, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Accordingly, Plaintiff must amend her complaint to properly identify Stan Koch Sons Trucking's organizational status.

Therefore, Plaintiff is ORDERED to supplement the record by filing an Amended Complaint reciting the parties' citizenship on the basis of personal knowledge, and properly allege forth Stan Koch Sons Trucking's organizational status.

SO ORDERED.

Enter for this 9th day of May 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge